Attachment - A

LAW OFFICES
OF
SYDNEY T. SCHULMAN

**Administrative Director**
Sydney T. Schulman, Esq.

**Managing Attorney**
Jane Starkowski

INMATES' LEGAL ASSISTANCE PROGRAM

**Staff Attorneys**
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Caulfield

January 15, 2008

Mr. Bennie Gray, Jr.
#259596
Osborn CI
335 Bilton Road
P.O. Box 100
Somers, CT 06071

Dear Mr. Gray:

Thank you for your letter, which is dated January 8 and was received January 11, 2008.

In answer to your question, Inmates' Legal Assistance Program does not provide help in regard to petitions for writs of habeas corpus in federal court. Our contract with the State of Connecticut limits us to providing assistance in regard to civil legal matters dealing with conditions of confinement only. We are precluded from providing advice on any issue of criminal law or assistance on any matter related to an inmate's criminal case. Since a federal petition for writ of habeas corpus relates to your criminal case, we are precluded from provding help in regard to it.

If we can be of assistance in regard to any civil legal matter dealing with the conditions of your confinement, please do not hesitate to contact us.

Very truly yours,

Richard P. Cahill
Attorney at law

Attachment - B

Case 3:08-cv-00165-PCD   Document 7   Filed 04/16/08   Page 3 of 19



# University of Connecticut
## School of Law

Legal Clinic

Todd D. Fernow
*Director, Clinical Programs*
*Professor of Law*

Jon Bauer
*Clinical Professor of Law*

Timothy H. Everett
*Clinical Professor of Law*

Diana L. Leyden
*Clinical Professor of Law*

James H. Stark
*Professor of Law*

Michelle K. Caldera
William R. Davis
*Clinical Fellow*

Carmen Arroyo
*Administrative Assistant*

February 20, 2008

Bennie Gray
Inmate # 259596
Osborne C.I.
335 Bilton Rd..
Somers, CT 06071

RE: Your letter dated January 8, 2008

Dear Mr. Gray:

Recently the UCONN Criminal Clinic received an unsolicited letter from you. Unfortunately the Criminal Clinic cannot provide you with representation or legal advice in the habeas corpus case that you described in your letter. We handle trial and appellate cases primarily. We lack the resources to take habeas corpus cases that involve very serious offenses and that require great effort by counsel if success is to be procured. Because ours is a teaching clinic, we handle relatively few cases so that students can provide legal assistance to clients under close faculty supervision. Unfortunately, we are unable to offer our limited legal resources to most of the people who write us for legal help. I wish you good fortune with your case.

Sincerely,

Timothy H. Everett

Timothy H. Everett
Clinical Professor of Law

THE/lg

*An Equal Opportunity Employer*

65 Elizabeth Street
Hartford, Connecticut 06105-2290

Telephone: (860) 570-5165
Facsimile: (860) 570-5195
e-mail: carmen.arroyo@law.uconn.edu
web: www.law.uconn.edu

Attachment-C

# SUMMONS - CIVIL
(Except Family Actions)

JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

## STATE OF CONNECTICUT
### SUPERIOR COURT
www.jud.state.ct.us

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more

("X" if applicable)
- [X] Claiming other relief in addition to or in lieu of money or damages.

### INSTRUCTIONS
1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

[X] JUDICIAL DISTRICT   [ ] HOUSING SESSION   [ ] G.A. NO. ___

AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349): **New London**

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)

RETURN DATE (Mo., day, yr.) (Must be a Tuesday): **4-15-08**

CASE TYPE (See JD-CV-1c) Major **T** Minor **90**

TELEPHONE NO. (with area code): ___

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Bennie Gray Jr., CRCI, P.O. Box 1400, Enfield, CT 06082-1400. | [ ] Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | |
| FIRST NAMED DEFENDANT | Theresa C. Lantz, Commissioner of Corrections, 24 Wolcott Hill Rd., Wethersfield, CT 06109. | | 02 |
| Additional Defendant | | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| | | | 53 |

## NOTICE TO EACH DEFENDANT
1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

DATE: **3/27/08**

SIGNED (Sign and "X" proper box): _Hebibah Abdul-Haki_ JAC
- [ ] Comm. of Superior Court
- [ ] Assistant Clerk

TYPE IN NAME OF PERSON SIGNING AT LEFT: **Hebibah Abdul-Haki**

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code): **Bennie Gray Jr., P.O. Box 1400, Enfield, CT 06082-1400**

TELEPHONE NUMBER: ___   JURIS NO. (If atty. or law firm): ___

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)

SIGNATURE OF PLAINTIFF IF PRO SE: _B. Gray_

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) |
|---|---|---|---|
| 1 | 1 | 2 | [ ] Comm. of Superior Court  [ ] Assistant Clerk |

For Court Use Only   FILE DATE

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

I hereby certify I have read and understand the above:

SIGNED (Pro Se Plaintiff): _B. Gray_   DATE SIGNED: **3-14-08**   DOCKET NO. ___

RETURN DATE: April 15, 2008     : SUPERIOR COURT

BENNIE GRAY, JR.         : J.D. OF NEW LONDON

VS.              : AT NORWICH

THERESA C. LANTZ        : March 14, 2008

## COMPLAINT

**COUNT ONE** [Denial of Access to the Courts]

1. The Plaintiff currently resides in Somers, Connecticut and the Defendant, Theresa C. Lantz, Commissioner of Corrections, is a Resident of Hartford County, Connecticut having a principle place of business at 24 Wolcott Hill Road, Wethersfield, Connecticut.

2. On or about November 17, 1998, after being sentenced to a term of imprisonment, the plaintiff was committed to the Department of Correction and has been incarcerated every since.

3. During the course of the Plaintiff's incarceration, the Plaintiff has been denied access to the courts by the Commissioner of Corrections, by denying the Plaintiff the necessary legal material and/or legal assistance necessary to enable him to present claimed violations of fundamental constitutional rights to the court and he has suffered actual injury as a result of that denial, in that:

   A. On July 20, 2007, the plaintiff filed a federal habeas corpus petition, attacking the constitutionality of his conviction pursuant to 28 U.S.C. §2254, 14 days after his state judgement became final. He challenged his conviction for manslaughter with a firearm on the grounds that his plea was involuntary, he was afforded ineffective assistance of counsel and the state habeas court violated his right to due process. See <u>Gray v. Comm. of Corr.</u>, Case No. 3:07cv1097(PCD).

1

b. On December 27, 2007, the Plaintiff's petition was dismissed. The Federal court found that the Plaintiff was barred by the federal limitations period from obtaining federal review of his claim.

c. The problem is that the Plaintiff had no reasonable way of knowing a limitation period existed for obtaining federal review.

d. The United States Constitution and the Connecticut Constitution guarantee prisoners access to state and federal courts. This means that prisoners must not be deprived of anything that is necessary to give them "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the court." Prisoners must be provided with law libraries or alternative sources of legal knowledge. The state of Connecticut has chosen to provide inmates with legal assistance. The Department of Corrections provide legal knowledge in certain areas through its contract with Inmates' Legal Assistance Program.

e. Because Connecticut has chosen to provide inmates with legal assistance it no longer provides law libraries in prisons through out the state. Instead it maintains what it calls "Resource Centers" which are inconsistant in the material they provide from facility to facility. Some are deplete of adequate past and up to date state and federal case law. Most don't provide any federal case law. None of the facilities the Plaintiff has been housed at, prior to the limitation period expiring for federal review, carried procedural federal law books such as the Federal Civil Rules of Procedure that would have made the Plaintiff aware that a limitation period existed for him to file a federal habeas petition.

f. The Inmates' Legal Assistance Program has emphatically expressed that it does not help and will not help inmates with the filing of state or federal habeas corpus petitions and research for these petitions because they are precluded from providing advice on any issue of

2

criminal law or assistance on any matter related to an inmate's criminal case. It further states that its contract with the State of Connecticut limits them to providing assistance in reguard to civil legal matters dealing with conditions of confinement only.

g. The Inmates' Legal Assistance Program provided by the state of Connecticut as a source of legal knowledge does not provide legal knowledge in a meaningful way. The Department of Corrections has hendered the Plaintiff from attacking his sentence in the federal courts, which he has a right to do so, and has deprived him of the necessary legal material to give him a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts because its contract with Inmates' Legal Assistance Program has been an ineffective source of legal knowledge for the Plaintiff.

h. The state of Connecticut's contract with Inmates' Legal Assistance Program is not in compliance with state and federal law, Bounds v. Smith, 430 U.S. 817, 821 (1977) and Conn. Const. Art 1, §10., because it limits its assistance and thereby limits the kind of claimed violations of fundamental constitutional rights to be presented to the courts. By limiting its assistance to civil legal matters dealing with conditions of confinement only, it denies inmates assistance in attacking the legality of their sentence and the legality of their conviction with "NO" alternative sources of legal knowledge.

i. The Plaintiff sought legal knowledge, but had no adequate source available to him and was denied legal assistance.

j. The Plaintiff was 65 days past his filing deadline to seek federal review at the time he filed his federal habeas corpus petition on July 20, 2007. The Department of Corrections, under the authority of the Commissioner of Corrections, by failing to provide adequate legal research facilities or adequate legal assistance has hendered the Plaintiff's efforts to pursue his legal claims and has prevented him from meeting his filing deadline for federal review.

## COUNT TWO [FRAUD]

1. Paragraphs One and Two of Count One are hereby made Paragraphs One and Two of this, Count Two.

3. During the course of the Plaintiff's incarceration, up to this date and on a continuous basis, the Defendant's use of misleading terms and other trickery has made it possible for her to engage in a pattern of behavior that is in conflict with state and federal law as it applies to prisoners' right to access to state and federal courts in that:

   a. Connecticut law requires the Commissioner of the DOC to provide basic legal assistance to prisoners housed in DOC facilities. See Conn. Gen. Stat. § 18-81 (1997).

   b. The United States Constitution and the Connecticut Constitution guarantee prisoners access to state and federal courts. (See Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Conn. Const. Art. 1, §10.). This means that prisoners must not be deprived of anything that is necessary to give them "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." (See Bounds v. Smith, 430 U.S. 817, 825 (1977).). Prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (Id. at 828.).

   c. The Defendant has not provided the Plaintiff with adequate law libraries or adequate assistance from persons trained in the law. Instead the Defendant's actions have hindered and deprived the Plaintiff of a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.

   d. Department of Corrections Administration Directive 10.3(4),

4

gives the impression that all inmates are given assistance, through its contract with Inmate Legal Assistance, with the preparation of legal papers, "limited to those which are needed to give prisoners a reasonably adequate opportunity to present... claimed violations of fundamental constitutional rights to the courts." (See DOC Adm. Dir. 10.3 (4)). However once the Plaintiff contacted Inmate Legal Assistance to persue a habeas action attacking the constitutionality of his sentence and conviction he was informed that Inmate Legal Assistance's contract with DOC is limited to civil legal matters dealing with conditions of confinement only. That contract does not give the Plaintiff or any other prisoners assistance with the most commonly claimed violations of fundamental constitutional rights; to effective assistance of counsel and due process. The Plaintiff has been give no access to adequate law libraries and when he sought legal assistance he was turned away.

4. There is a gap in the DOC's contract with Inmate Legal Assistance that offers no assistance to most prisoners, such as the Plaintiff and provides no alternative source of legal knowledge to these prisoners.

5. The Plaintiff has a right to present claimed violations of fundamental constitutional rights to the courts, such as 6th and 14th Amendment violations. The Plaintiff tried to exercise this right on July 20, 2007 when he filed a federal habeas petition, but it was dismissed on December 27, 2007 after he was prevented from meeting his filing deadline by the Defendant because he was not given access to an adequate law library and he was denied legal assistance.

6. The name "Inmate Legal Assistance" is really misleading and has allowed the Defendant to get away with not forfilling her obligation, to assist all inmates with the preparation and filing of meaningful legal papers. Instead

5

{}
her failure to provide adequate legal research facilities or assistance "hindered the Plaintiff's efforts to pursue a legal claim."

### RELIEF SOUGHT

1. Monetary damages in the amount of: $730,000
2. Punative damages in the amount of: $1,270,000

Total Amount $2,000,000.

Additional relief is as follows:

(1) That all Connecticut Prisons be required to post on their bulletin boards a notice informing all inmates that they have only a 1-year limitation to file a federal habeas petition for federal review. Also inform inmates of where to find the federal law relavent to the 1-year limitation.

(2) That the Defendant be required to have an up to date Federal Rules of Civil Procedure book in all of Connecticut Prisons.

(3) That the Defendant be required to provide adequate legal assistance to "all" inmates or provide adequate law libraries in all of Connecticut Prisons.

Respectfully submitted,
PLAINTIFF

*[signature]*
Bennie Gray Jr.
Osborn C.I.
335 Bilton Road
Somers, CT 06071

6

**APPLICATION FOR WAIVER OF FEES/APPOINTMENT OF COUNSEL**
**FAMILY, CIVIL, HOUSING**
JD-FM-75 Rev. 9-06
C.G.S. §§ 46b-23, 52-259b
P.B. §§ 8-2, 25-63

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**INSTRUCTIONS TO APPLICANT**
1. Print or type all information requested.
2. Sign the Financial Affidavit section in front of a court clerk, a notary public or an attorney.
3. Bring this form to the superior court where your case will be filed or is pending.
4. If your application for fees payable to the court or for costs of service of process is denied, you may request a hearing on the application.

**INSTRUCTIONS TO CLERK**
1. Bring completed form to a judge or, if applicable, to a family support magistrate.
2. If the application is granted, notify the applicant and counsel, if appointed.
3. If the application for fees payable to the court or for costs of service of process is denied, and upon the request of the applicant, schedule a hearing on the application.

**TO: THE SUPERIOR COURT**

NAME OF CASE: Bennie Gray Jr. v. Commissioner of Corrections
DOCKET NO. (If applicable):

[✓] Judicial District  [ ] Housing Session  [ ] G.A. No. ___
ADDRESS OF COURT: 70 Huntington Street, New London, CT 06320-611

NAME OF APPLICANT (Last, first, middle initial): Gray, Bennie, G
ADDRESS OF APPLICANT: CRCI, P.O. Box 1400, Enfield, CT 06082-1400
TELEPHONE:

**TYPE OF PROCEEDING**
[ ] CONTEMPT
[ ] DISSOLUTION OF MARRIAGE/DIVORCE
[ ] DISSOLUTION OF CIVIL UNION
[ ] HOUSING
[ ] MOTION TO OPEN OR MODIFY
[✓] CIVIL
[ ] APPL. FOR CUSTODY AND/OR VISITATION
[ ] PATERNITY
[ ] OTHER (Specify): ___

**FEE WAIVER**
I request that the court waive or have the State pay the fees indicated below. ("X" all that apply)
[✓] ENTRY FEE  [✓] FILING FEE  [✓] STATE MARSHAL'S FEE  [ ] OTHER (Specify):

**APPOINTMENT OF COUNSEL**
(Applicable only in a contempt proceeding or to the putative father in a paternity proceeding.)
[ ] I request that the court appoint counsel to represent me.

**FINANCIAL AFFIDAVIT**

**I. DEPENDENTS**
Total No. of Dependents (not including yourself): 0

**II. MONTHLY INCOME**
A. Gross monthly income (before deductions): 0
B. Net monthly income after taxes from monthly employment: 0
C. Other income (i.e., TANF, Social Security, etc.) (Specify source): 0
Source: ___
TOTAL MONTHLY INCOME (B+C): 0

**III. MONTHLY EXPENSES**
A. Rent/Mortgage: 0
B. Real Estate Taxes: 0
C. Utilities (Telephone, heat, electric, water, gas, etc.): 0
D. Food: 0
E. Clothing: 0
F. Insurance Premiums (Medical/Dental, Auto, Life, Home): 0
G. Medical/Dental: 0
H. Transportation (bus, gasoline, etc.): 0
I. Child Care: 0
J. Other (Specify): 0
TOTAL MONTHLY EXPENSES: 0

**IV. ASSETS**

| | ESTIMATED VALUE | LOAN BALANCE | EQUITY |
|---|---|---|---|
| A. Real Estate | 0 | 0 | REAL ESTATE 0 |
| B. Motor Vehicles | 0 | 0 | MOTOR VEHICLE 0 |
| C. Other Personal Property (e.g., jewelry, furniture, etc.) | 0 | 0 | OTHER PROPERTY 0 |
| D. Savings Account Balance (Total of all accounts) | | | SAVINGS 0 |
| E. Checking Account Balance (Total of all accounts) | | | CHECKING 0 |
| F. Cash | | | CASH 0 |
| G. Other Assets (Specify) | | | OTHER ASSETS 0 |
| TOTAL ASSETS | | | 0 |

FILED MAR 2 5 2008
SUPERIOR COURT - NEW LONDON
JUDICIAL DISTRICT

**V. LIABILITIES/DEBTS** (e.g., credit card balances, loans, etc. Do not include mortgage or loan balances that are listed under "Assets".)

| TYPE OF DEBT | AMOUNT OWED | MONTHLY PAYMENT |
|---|---|---|
| 0 | 0 | 0 |
| 0 | 0 | 0 |
| 0 | 0 | 0 |
| 0 | 0 | 0 |
| 0 | 0 | 0 |
| TOTAL LIABILITIES | 0 | 0 |

Page 1 of 2

I certify that the foregoing information is true and accurate to the best of my knowledge and that I can, if requested, document all income, expenses, and liabilities listed on the front/page 1.

**NOTICE ▶** Any false statement made by you under oath which you do not believe to be true and which is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.

| SIGNED (Applicant) | PRINT NAME OF PERSON SIGNING AT LEFT | DATE SIGNED |
|---|---|---|
| X _[signature]_ | BENNIE GRAY JR | 3-14-08 |
| SUBSCRIBED AND SWORN TO BEFORE ME: ON (Date) 3/14/08 | SIGNED (Notary Public, Commissioner of the Superior Court, Assistant Clerk) _[signature]_ | |

_[Notary stamp: WENDY MARTYN-RAWLINITIS, NOTARY PUBLIC, STATE OF CONNECTICUT, COMMISSION EXPIRES: JUNE __, 2012]_

The Court, having found the applicant ☐ INDIGENT AND UNABLE TO PAY   ☐ NOT INDIGENT   hereby orders the application:

☑ GRANTED as follows:
1. The following fees are waived ☑ ENTRY FEE   ☐ FILING FEE
   ☐ OTHER (Specify:) _____
2. The following fees are ordered paid by the State
   ☑ STATE MARSHAL'S FEE NOT TO EXCEED $ reasonable
   ☐ OTHER (Specify:) _____
3. Counsel is ☐ NOT APPOINTED   ☐ APPOINTED (Name): _____

☐ DENIED because the applicant does not face potential incarceration.
☐ DENIED.

| BY THE COURT (Print or type name of Judge/Fam. Sup. Magistrate) | ON (Date) | SIGNED (Judge, FSM, Ass't Clerk) | DATE SIGNED |
|---|---|---|---|
| _[illegible]_ | | _[signature]_ | 3-26-08 |

The following section applies only to a _denial_ of the application for waiver of fees payable to the court or for the costs of service of process. It does not apply to parenting education or to appointment of counsel.

☐ I request a court hearing on the application.

| X _____ | _____ |
|---|---|
| SIGNED (Applicant) | DATE SIGNED |

**HEARING TO BE HELD AT THE COURT LOCATION SHOWN ON FRONT/PAGE 1 ON THE DATE AND TIME SHOWN BELOW:**

| HEARING ON (Date) | AT (Time) | ROOM NO. | SIGNED (Assistant Clerk) |
|---|---|---|---|
| | | | |

The Court, having found the applicant ☐ INDIGENT AND UNABLE TO PAY   ☐ NOT INDIGENT   hereby orders the application:

☐ GRANTED as follows:
   ☐ 1. The following fees are waived ☐ ENTRY FEE   ☐ FILING FEE
       ☐ OTHER (Specify:) _____
   ☐ 2. The following fees are ordered paid by the State
       ☐ STATE MARSHAL'S FEE NOT TO EXCEED $ _____
       ☐ OTHER (Specify:) _____
☐ DENIED.

| BY THE COURT (Print or type name of Judge/FSM) | ON (Date) | SIGNED (Judge, FSM, Ass't Clerk) | DATE SIGNED |
|---|---|---|---|
| | | | |

JD-FM-75 (back/page 2 of 2) Rev. 9-06

Attachment-D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENNIE GRAY, JR.
    Petitioner,            :   No. 3:07cv1097 (PCD)

v.                               :

THE STATE OF CONNECTICUT  :
COMMISSIONER OF CORRECTION:
    Respondent.           :   NOVEMBER 23, 2007

## REBUTTAL TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The Petitioner, Bennie Gray, Jr., pro-se, comes now rebutting the information presented in the Respondent's Motion To Dismiss Petitioner's Petition For Writ Of Habeas Corpus. It has became obvious to the Petitioner that the attorney for the Respondent has taken the approach of "letting as much time pass **and giving the weakest argument he can possibly come up with to avoid complying with the Court's order to show cause in this matter.**" THAT IS UNACCEPTABLE.

### FACTS

On November 21, 2007, the second deadline for the Respondent to comply with the Court's order to show cause, the attorney for the Respondent filed a Motion To Dismiss Petition For Writ Of Habeas Corpus claiming the petition was not timely filed within the 1-year limitation period which applies to the filing of an application for awrit of habeas corpus by a person

**ORAL**                          -1-
**ARGUMENT REQUESTED**

in custody pursuant to the judgment of a State Court. Secondly the attorney for the Respondent claims the Petitioner's petition is defective and not properly executed by the Petitioner because it was not signed under the penalty of perjury.

**PETITIONER'S ARGUMENT**

The Petitioner will take up the latter first.
The Petitioner submits that his federal writ of habeas corpus petition was notarized rather than signed under the penalty of perjury, serving the same purpose of assuring that the information contained in his petition is true to the best of his ability and, in its present form, the petition was accepted by the Court. The Petitioner is a <u>layperson</u>. He should be given a reasonable degree of lenancy.

At this time the Petitioner swares <u>UNDER THE PENALTY OF PERJURY</u> that the information within his federal habeas petition is true to the best of his ability.

_11-23-07_
DATE                                                    Petitioner

Nevertheless, the Respondent's claim, in no way, makes moot the merits of the issues within the petition before this Court.

Secondly, the Petitioner's petition <u>was</u> timely filed. The Respondent filed as a special defense to the State habeas matter precedural default claiming res judicata. The State Habeas Court, Judge Rittenband rejected this claim and allowed

-2-

the Petitioner to proceed on his third state habeas petition. Because the Respondent did not appeal the judgment of the Court the Petitioner was properly before the State Court on the Third Petition, on appeal of that Petition, and in his motion for certification to the State Supreme dated April 24, 2007. On June 5, 2007 the State Supreme Court denied the Petition For Certification and that was the date of the final judgment in this matter.

Now shifting the focus to what is important, is the fact that the Respondent has had over **three months** to comply with the order of this Court, to show cause in this matter and has used several different tactics to avoid complying with that order. The Petitioner urges the Court to do something at this time. If the Respondent will not answer to the allegations within the petition the Petitioner asks the Court for Summary Judgment pursuant to Rule 9(c) Fed.R.Civ.P.

WHEREFORE, for all of the reasons mentioned the Respondent's motion should not be granted.

Respectfully submitted,
PETITIONER

Bennie Gray, Jr. PRO-SE
#259596
Brooklyn C.I.
59 Hartford Road
Brooklyn, CT 06234

-3-

## CERTIFICATION

I hereby certify that a copy of this document was mailed to Senior Assistant State's Attorney, David M. Kutzner, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067, on this 23rd day of November, 2007.

*[signature]*
BENNIE GRAY, JR.
Petitioner